Spear, J.
One question only, is presented by the record. . That is: Had the court of common pleas *28 jurisdiction of the action? We are of opinion that the answer must be in the affirmative.
The plaintiff’s suit was brought under favor of section 5464, Revised Statutes, which gives authority to a judgment creditor, where his debtor has not personal or real property subject to levy on execution sufficient to satisfy the judgment, to reach any equitable interest of the debtor in any real estate as mortgagee, or otherwise, or in any chose in action, due or to become due, or in any judgment or order, and to subject such equitable interest to the payment of the judgment by action. Such action is equitable in its nature. To obtain the relief desired, the creditor must appeal to a court having adequate equity powers, in other words, general equity powers. Such powers are possessed by the court of common pleas. That court, therefore, was the proper court in which to begin the action unless jurisdiction of the subject matter and the parties had previously been acquired by another court possessed of adequate equity powers. The answer avers, and the contention is, that as to this controversy the probate court had acquired jurisdiction by virtue of the assignment of Mattingly and the commencement by the assignee of a proceeding in that court to procure an order to sell the lands of Mattingly. But the probate court is a court of limited, and not of general, jurisdiction. All grants of jurisdiction are specific, and the auxiliary and incidental powers of the court are expressly limited to such as are necessary and proper to carry into effect the powers expressly granted. Davis v. Davis, 11 Ohio St., 391. True, within this rule, that court was clothed with jurisdiction to fully execute the trust created by the assignment, which included all the assigned property, but the assignment conveyed only the property of Mattingly. It did not, and could not, convey the property of Mrs. McGowan; nor did the creditor ,seek. to reach the property of Mattingly. His effort was to ’ subject the ’¡property of' Mrs. Me *29 Gowan and that only. Hence the trust created by Mattingly’s assignment could be fully executed by the probate court without adjudicating the claim of Vandenbark against his debtor.
It appears by the answer that Vandenbark is a party defendant in the proceeding in the probate court, and that Mrs. McGowan is also a party. It does not appear that the former was a party at the time his action in the common pleas court was commenced. If not the probate court had not then acquired jurisdiction of the matter in issue, even if it had power to acquire such jurisdiction. And it can hardly be urged with reason that if the common pleas had jurisdiction of the action at its commencement, such jurisdiction could be ousted by the making of the plaintiff a party to the proceeding in the probate court. Miers v. Turnpike Co., 11 Ohio, 273.
It is not necessary here to take space in giving construction to either section 6351 or 6145, Revised Statutes. The authority given the probate court to order payment of liens and encumbrances by the former section is not applicable to the claim of Vandenbark against Mrs. McGowan. There was, at the time’ of the assignment, no existing lien in favor of Vandenbark for the court to order paid, or refuse to so order, and as before stated, he was not asking relief against Mattingly, nor against the assigned property, but against Mrs. McGowan and her interests only. His action was, primarily, to obtain a lien. Nor did the latter section which gives power to that court “to determine the equities between the parties and the priorities of lien of the several lien-holders on said real estate, and to order a distribution of the money arising from the sale of such real estate according to the respective equities and priorities of lien as found by the court,” apply to the claim of Vandenbark for the same reason, and for the further reason that the amendment of that section, of date April 14, 1896, making the same applicable to pro *30 ceedings by assignees, was not passed until after Yandenbarlds action in the common pleas had been commenced. The fact that the assignee might be required to pay the fund belonging to Mrs. McGowan into the common pleas by virtue of its order, rather than directly to her, is a mere incident, and cannot affect the question of the jurisdiction of that court.
The demurrer to the answer should have been sustained. The judgments below will be reversed and the cause remanded to the court of common pleas for such further proceedings as may be necessary to preserve and enforce the rights of the parties.

Reversed.